UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BOARD OF TRUSTEES OF THE NORTHERN CALIFORNIA SHEET METAL WORKERS, et al., <br><br> Plaintiff(s), <br><br> v. <br><br> TERMINAL MANUFACTURING CO., et al., <br><br> Defendant(s). | No. C09-4509 BZ <br><br> **REPORT AND RECOMMENDATION FOR DEFAULT JUDGMENT** |

    Before me is plaintiffs' Motion for Default Judgment ("Motion") against defendant Terminal Manufacturing Co. ("defendant"). Defendant has never appeared in this action and did not respond to plaintiffs' motion. As defendant has not consented to my jurisdiction, I will have this matter reassigned, and the following is a report and recommendation for entry of default judgment.

    On September 24, 2009, plaintiffs filed a complaint under Section 301(c)(1) of the National Labor Relations Act of 1947 ("NLRA"), 29 U.S.C. § 185(a), and Section 502 of the Employee

1

1  Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §
2  1132, alleging that defendant violated a collective bargaining
3  agreement and certain trust agreements that required defendant
4  to make regular contributions to the Northern California Sheet
5  Metal Workers Health Care Plan, the Sheet Metal Workers
6  Pension Trust of Northern California, and the Sheet Metal
7  Workers Local 162 Vacation, Holiday Savings Plan (the "Trust
8  Funds"), of which plaintiffs are trustees. Compl. ¶¶ 2, 5.
9  According to the complaint, these agreements obligate
10 defendant to make regular contributions for all hours worked
11 by its employees. Compl. ¶ 5. The complaint seeks damages
12 for unpaid contributions, liquidated damages, interest,
13 attorneys' fees, costs, and injunctive relief. Compl. Prayer
14 ¶¶ 1, 2.
15     Plaintiffs effected service on October 21, 2009. Doc.
16 No. 4. Defendant failed to answer the complaint or otherwise
17 defend the action. On December 9, 2009, the Clerk of this
18 court entered defendant's default under Rule 55(a). Doc. No.
19 10. By its default, defendant is deemed to have admitted the
20 well-pleaded arguments of the complaint except those as to the
21 amount of damages. See Fed. R. Civ. P. 8(d).
22     A court may not enter default judgment against an
23 unrepresented minor, an incompetent person, or a person in
24 military service. See Fed. R. Civ. P. 55(b)(2); 50 App.
25 U.S.C. § 521. As a limited liability company (LLC), this
26 requirement does not apply to Terminal Manufacturing.
27     Pursuant to Rule 55(b)(2), the court may enter a default
28 judgment against a party against whom default has been

entered. The decision to grant or deny a default judgment under Rule 55(b) is within the discretion of the Court. <u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). A formal hearing is not required for a court to render a default judgment. <u>Davis v. Fendler</u>, 650 F.2d 1154 (9th Cir. 1981).

Section 1132(g) of ERISA provides that in an action to enforce payment of delinquent contributions:

> the court shall award the plan -
>    (A) the unpaid contributions,
>    (B) interest on the unpaid contributions,
>    (C) an amount equal to the greater of -
>       (i) interest on the unpaid contributions, or
>       (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A),
>    (D) reasonable attorney's fees and costs

29 U.S.C. § 1132(g)(2). A plaintiff is entitled to a mandatory award under 1132(g)(2) if the following requirements are satisfied: (1) the employer is delinquent at the time the action is filed; (2) the district court enters a judgment against the employer; and (3) the plan provides for such an award. <u>Plumbers & Pipefitters Nat'l Pension Fund v. Eldridge</u>, 232 Fed. Appx. 680, 683 (9th Cir. 2007). Plaintiffs have shown that defendant was delinquent at the time the action was filed. I recommend that judgment be entered in favor of the plaintiffs. Further, the Agreement and Declaration of Trust of the Sheet Metal Workers Pension Trust of Northern California ("Trust Agreement") provides for such an award. Doc. No. 19, Ex. 2. Accordingly, plaintiffs are entitled to an award under section 1132(g). See <u>Iron Workers Dist. Council of Western NY and Vicinity Welfare and Pension Funds</u>

3

1  v. Hudson Steel Fabricators & Erectors, Inc., 68 F.3d 1502,
2  1507 (2d Cir. 1995).
3       Plaintiffs have the burden of proving damages and have
4  submitted a declaration from Bonnie Maraia, Fund Manager for
5  the administrators of the Trust Funds. See Declaration of
6  Bonnie Maraia in Support of Motion for Default Judgment
7  ("Maraia Decl.") ¶ 1. Plaintiffs seek delinquent
8  contributions totaling $12,455.66. Maraia Decl. ¶ 10, Ex. 3.
9  Plaintiffs have submitted time logs and have established that
10 defendant failed to make timely contributions for the eleven
11 month period of November, 2007 through September, 2008, and
12 the seven-month period of June, 2009 through December, 2009.
13 Maraia Decl. Exs. 3, 4. Defendant has not challenged the
14 proof of delinquency. I therefore recommend that $12,455.66
15 in delinquent contributions be awarded to plaintiffs.
16      Plaintiffs seek interest of fifteen percent on the
17 delinquent contributions. Under ERISA, plaintiffs may recover
18 interest based on the rate set by the Trust Agreement. See 29
19 U.S.C. § 1132(g)(2). The Trust Agreement states on page nine
20 that "the contribution and the liquidated damages
21 attributable" shall bear "an interest at a rate to be
22 determined . . . by resolution of the Board," and that, in the
23 case of multiple delinquencies, the Board can adopt special
24 rules to impose "the highest rate permitted under Section 515
25 of ERISA." Maraia Decl. Ex. 2. ERISA provides that interest
26 "shall be determined by using the rate provided under the
27 plan." 29 U.S.C. § 1132(g)(2). The trustees adopted a rate
28 of fifteen percent in 2001. Maraia Decl. ¶¶ 8, 9.

4

|    |                                                                                      |
|----|--------------------------------------------------------------------------------------|
| 1  | The hearing in this case was held on May 5, 2010.                                    |
| 2  | Interest on the contribution amounts owed are as follows:                            |
| 3  |     1. $1,261.72 was due on January 18, 2009; 472 days at the    |
| 4  |     rate of 15% equals $245.44.                                  |
| 5  |     2. $1,831.32 was due on July 20, 2009; 289 days at the       |
| 6  |     rate of 15% equals $216.75.                                  |
| 7  |     3. $2,385.68 was due on August 20, 2009; 258 days at the     |
| 8  |     rate of 15% equals $252.84.                                  |
| 9  |     4. $1,741.14 was due on September 20, 2009; 227 days at      |
| 10 |     the rate of 15% equals $163.44.                              |
| 11 |     5. $1,449.14 was due on October 20, 2009; 197 days at the    |
| 12 |     rate of 15% equals $118.20.                                  |
| 13 |     6. $1,691.46 was due on November 20, 2009; 166 days at       |
| 14 |     the rate of 15% equals $116.20.                              |
| 15 |     7. $936.45 was due on December 20, 2009; 136 days at the     |
| 16 |     rate of 15% equals $51.68.                                   |
| 17 |     8. $1,158.75 was due on January 20, 2010; 105 days at the    |
| 18 |     rate of 15% equals $50.40.                                   |
| 19 | I therefore recommend that plaintiffs recover $1,214.95 in                           |
| 20 | interest for the unpaid contributions.                                               |
| 21 | Plaintiffs also seek $2,491.23 in liquidated damages, or                             |
| 22 | ten percent of the delinquent contributions. Maraia Decl. Ex.                        |
| 23 | 3. Liquidated damages are recoverable under ERISA, as                                |
| 24 | provided in the plan, in an amount not to exceed twenty                              |
| 25 | percent. See 29 U.S.C. § 1132(g)(2). On page nine, the                               |
| 26 | Agreement and Declaration of Trust provides for liquidated                           |
| 27 | damages equaling the greater of either ten percent, later                            |
| 28 | amended to 20 percent, of the amount owed or twenty dollars                          |

5

per delinquency. Maraia Decl. Ex. 2. The pension fund agreement contains similar language. Maraia Decl. ¶ 4. I therefore recommend that plaintiffs recover $2,491.13 in liquidated damages.

Plaintiffs also seek $740 in attorneys' fees and $525 in costs. Michael J. Carroll, plaintiffs' counsel, in his Declaration in Support of Motion for Default Judgment, calculates that he spent in excess of four hours prosecuting this action at a rate of $185.00 per hour. Carroll Decl. ¶ 5. Mr. Carroll spent this time preparing the Motion for Entry of Default with Supporting Declaration and Proposed Notice of Entry of Default, two Ex Parte Applications with Supporting Declarations and Proposed Orders to Continue the Case Management Conference, and this motion. Carroll Decl. ¶ 5. This time was reasonable and necessary to obtain a default judgment in his client's favor, and is therefore recoverable. The rate charged is also reasonable in relation to work performed. Plaintiffs also incurred $525 in costs consisting of filing fees and costs associated with service of process. Carroll Decl. ¶ 2. Based on the declaration submitted in support of plaintiffs' application, I find that these amounts are reasonable and recommend that plaintiffs recover $740 in attorneys' fees and $525 in costs.

For the foregoing reasons, I recommend that Judgment be entered in plaintiffs' favor against Terminal Manufacturing Co. for $17,426.74. This amount includes unpaid contributions of $12,455.66, as well as $2,491.13 in liquidated damages, $1,214.95 in interest on delinquent contributions, $740 in

attorneys' fees and $525 in costs.

Dated: May ~~4~~ /13/, 2010

                                                  _____
                                                  Bernard Zimmerman
                                                  United States Magistrate Judge

G:\BZALL\-BZCASES\BD. OF TRUSTEES V. TERMINAL MFG\REPORT AND RECOMMENDATION ON MOTION FOR DEFAULT JUDGMENT.wpd